## BUFFALO ELECTRO-PLATING CO. v. DAY.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1912.)

1. CORPORATIONS (§ 282*)—DIRECTORS—ELIGIBILITY.

Stock Corporation Law (Consol. Laws 1909, c. 59) § 25, provides that the directors of every stock corporation shall be chosen at the time and place fixed by the by-laws of the corporation by a plurality of the votes at such election, and that each director shall be a stockholder, unless otherwise provided in the charter, or in a by-law adopted at a stockholders' meeting, etc. *Held* that, under such section, it was not necessary that a director of a corporation should be a stockholder, provided a provision to that effect was made by its charter or by-laws.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1189–1194; Dec. Dig. § 282.*]

2. CORPORATIONS (§ 432*)—OFFICERS—CONTINUANCE IN OFFICE.

Unless the president of a stock corporation had resigned or his successor had been elected at the time he directed an action to be brought on behalf of the corporation, it would be presumed that he was acting as president and director, even though he had parted with all of his stock, since, in the absence of any showing to the contrary, it could not be presumed as a matter of law that the sale of his stock forfeited his office as director.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1737, 1743, 1762; Dec. Dig. § 432.*]

3. CORPORATIONS (§ 312*)—RESOLUTION—OWNERSHIP.

Where a corporate resolution appointed defendant the manager of the corporation's business with full power to control its affairs, and carry on its business, collect and disburse money, and to sell all or any of its property or assets, provided that he should make reports of his proceedings and of all moneys coming into his hands monthly, or as often as might be required by the board of directors, such resolution did not indicate that defendant thereby became the sole owner of the corporation, but rather the contrary.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1376–1386, 1388–1392; Dec. Dig. § 312.*]

Appeal from Special Term, Erie County.

Action by the Buffalo Electro-Plating Company against Alvin W. Day. From a Special Term order vacating the service of summons on the ground that plaintiff's attorney had no proper authority to bring the action, plaintiff appeals. Reversed, and motion denied.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

John L. Ahern, of Buffalo, for appellant.
George Clinton, Jr., of Buffalo, for respondent.

McLENNAN, P. J. The plaintiff is a domestic corporation, having its principal office and place of business in the city of Buffalo. It commenced this action on the 21st day of July, 1911, to compel the defendant to account for his receipts and disbursements as manager for the plaintiff since August 5, 1904. The defendant did not answer the complaint, but moved to set aside the service of the summons. The plaintiff was incorporated January 15, 1903, and in its certificate of incorporation John H. Stackhouse, W. H. Widner, and J. M. Shevlin

were named as directors. They owned all its capital stock. No other directors, so far as appears, have since been elected. On August 5, 1904, the board of directors met and passed a resolution as follows:

"Upon motion of Mr. W. H. Widner, seconded by John M. Shevlin, it was

"Resolved, that Mr. Alvin W. Day be appointed manager of the business of this company with full power and control over its affairs to carry on its business, collect moneys due or to become due to it, incur such indebtedness as may be necessary for the carrying on of the business, to pay the debts of the company and, if in his judgment it shall be advisable, to sell all the property and assets of the corporation or so much thereof as he may deem necessary. And it is further

"Resolved, that the treasurer of the company shall pay out moneys of the corporation upon the order of the said Alvin W. Day. And it is further

"Resolved, that the said manager shall make reports of his proceedings and of all moneys coming into his hands, monthly, and as often as may be required by the board of directors."

Defendant thereupon became manager of the corporation. It is alleged that he has never rendered any report or account as such manager, which he does not deny.

John H. Stackhouse, who was elected president by the board of directors shortly after its incorporation, before the commencement of this action called a meeting of the board of directors by regular written notice. He and Shevlin attended the meeting, and adopted a resolution authorizing the bringing of this action. Widner sent a note to the effect that he had resigned at the last board meeting, seven years previous, and had since disposed of all his stock to the defendant.

Defendant bases his contention largely upon the fact that he has in his possession all the stock which Stackhouse ever owned, 265 shares, which appear to be indorsed in blank by Stackhouse, and has purchased all Widner's stock, and claims that he is entitled to the remaining single share of stock held by Shevlin, and that that constitutes the entire capital stock of the plaintiff.

The particular ground upon which the court at Special Term based its conclusion that the plaintiff's attorney is not authorized to bring this action is not stated in the order appealed from. It would seem, however, that the court must have arrived at the conclusion that Stackhouse had at some time previous transferred all his stock to the defendant, and that such transfer forfeited his office as director and president of the plaintiff, leaving only one director, who could not alone assume to act as the board of directors.

[1] Since the amendment in 1901 (Laws 1901, c. 354) of section 20 of the Stock Corporation Law (now Consol. Laws 1909, c. 59, § 25), a corporation may have as its directors persons who are not stockholders, if provision to that effect be made by its charter or by-laws. Whether such is the fact as to the plaintiff is not attempted to be shown in the record.

[2] Unless Stackhouse has resigned or his successor has been elected, it seems to me that he must be presumed to be acting as president and director, even though it be assumed that he has parted with all his stock, for it cannot be presumed as a matter of law that the sale of his stock forfeited his office as director, when nothing further is shown.

[3] An examination of the resolution under which defendant was chosen as manager does not show that the defendant became thereby the sole owner of the corporation, nor that any such thing was intended. To me it seems to indicate the .contrary. In express terms it requires the defendant to render an account monthly and as often as may be required by the board of directors.

I think, further, that the Special Term was not warranted in finding, as it apparently did, upon the affidavits presented and upon an examination of the certificates of stock produced, indorsed in blank by Stackhouse, that the defendant was the owner of such stock. Stackhouse denies it, and gives his explanation as to how they came to be in defendant's possession. The defendant claims he obtained them at about the time he became manager, pursuant to the resolution then adopted. As above stated, I think the resolution warrants an inference to the contrary of defendant's claim, and I think, in view of this fact the court was not warranted in determining upon the other facts shown, that defendant was the owner of the shares of stock issued to Stackhouse.

I think the Special Term should have denied defendant's motion. The affidavits presented on the motion do not establish lack of authority of plaintiff's attorney for bringing this action.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

Order reversed with $10 costs and disbursements and motion denied, with $10 costs. All concur.